Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: March 12th, 2018**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BLUEFIELD

| | |
|---|---|
| IN RE: | CASE NO. 1:17-bk-10158 |
| AUDREANNA LYNN MCBRIDE and JAMES CHRISTOPHER MCBRIDE, | CHAPTER 7 |
| Debtors. | JUDGE FRANK W. VOLK |

## MEMORANDUM OPINION AND ORDER APPROVING DEBTOR'S REAFFIRMATION AGREEMENT WITH WV CENTRAL CREDIT UNION

On March 8, 2018, the Court held a hearing on the Reaffirmation Agreement between Debtors Audreanna Lynn McBride and James Christopher McBride and the Creditor Ford Motor Credit Company LLC [Dckt. 17]. At that time, the Court expressed its inclination to approve the McBrides' reaffirmation agreement, contingent upon their knowledge of the consequences of reaffirming the debt and voluntarily deciding to reaffirm.

Pursuant to 11 U.S.C. § 524(c), a reaffirmed debt becomes a personal legal obligation of the debtor that survives bankruptcy. It is not discharged with the bankruptcy case. A debtor's obligation to pay the reaffirmed debt thus continues after dismissal or discharge. If a debtor defaults on a reaffirmed debt, the creditor may begin foreclosure proceedings. If the creditor repossesses and sells the collateral and a deficiency remains, the debtor is liable for that balance. A deficiency balance, like a reaffirmed debt, is nondischargable in bankruptcy and remains the debtor's obligation following the dismissal or discharge. A debtor may rescind a reaffirmation agreement, by giving notice of rescission to the creditor, either before discharge in bankruptcy or

before expiration of the 60-day period following the date the agreement was filed with the Court, whichever occurs later.

It is, accordingly, **ORDERED** that the Reaffirmation Agreement between the McBrides and Ford Motor Credit Company LLC be, and hereby is, **APPROVED** [Dckt. 17].